IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*ex rel.* DENNIS PULLEY<br><br>Plaintiffs<br><br>vs.<br><br>GUARDIAN MOVING AND STORAGE<br>CO., INC.<br><br>Defendant | *<br>*<br>*<br>*<br>*<br>* Civil Action No. ELH-10-2262<br>* (UNDER SEAL)<br>* |

\*\*\*\*\*\*

## **MEMORANDUM**

Suit was filed on August 18, 2010,[1] under the False Claims Act ("FCA"), 31 U.S.C. § 3729 *et seq.* The statute "prohibits submitting false or fraudulent claims for payment to the United States, § 3729(a), and authorizes *qui tam* suits, in which private parties bring civil actions in the Government's name, § 3730(b)(1)." *Schindler Elevator Corp. v. United States ex rel. Kirk*, 131 S. Ct. 1885, 1889 (2011).

Under 31 U.S.C. § 3730(b)(2), the *qui tam* relator must file the complaint under seal, and it must remain sealed for at least 60 days. "This initial seal provision and 60-day period are mandatory." *ACLU v. Holder*, 673 F.3d 245, 250 (4th Cir.). As the Fourth Circuit recently explained in *Holder*, "Congress adopted the 60-day period for numerous reasons," including to permit the government "to investigate the allegations to decide whether to intervene." *Id.* at 249-50. "The seal provisions provide time for . . . investigation so that the United States may make an informed decision about whether to intervene in the qui tam action." *Id.* at 250. For good cause shown, the government may seek extensions of the time to investigate, during which the complaint remains under seal. 31 U.S.C. § 3730(b)(3).

---

[1] The case was reassigned to me on January 14, 2011.

If the United States decides to intervene in a *qui tam* action, it "takes over the litigation." *Holder*, 673 F.3d at 250. Upon intervention, "the complaint is unsealed, the docket is unsealed, and the United States serves the complaint on the defendant . . . ." *Id.* However, the *qui tam* relator remains a party to the action. *Id.*; *see* 31 U.S.C. § 3730(c)(1). Conversely, when the United States declines to intervene, "[t]he Complaint is then unsealed, the docket is unsealed, and the *qui tam* relator serves the complaint on the defendant . . . [and] litigates the case against the defendant." *Id.* at 251.

Since the inception of this suit more than three years ago, the government has filed eleven motions for extensions of time in regard to making its decision as to intervention in this *qui tam* action. This is a complicated case, to be sure, but it cannot remain sealed indefinitely.

In the government's Motion For Extension filed on October 9, 2012 (ECF 20), the government asserted that it was "in need of additional time to meet its statutory obligation to investigate the alleged violations of The False Claims Act," and to determine whether to intervene in the case. (ECF 20). It sought an extension until January 7, 2013. On October 10, 2012 (ECF 21), with the consent of counsel for the Relator, I granted the government's motion. However, I noted on the Order: "No further extensions will be granted."

Notwithstanding the Court's admonishment, the government filed another motion for extension on January 8, 2013. *See* ECF 22. In that motion, the government asserted that it had completed its investigation but was "in need of additional time to secure necessary approvals in order to decline intervention in this matter." Accordingly, with the consent of counsel for the Relator, I granted another extension, until February 7, 2013, as requested, to permit the government to obtain the requisite approval to decline intervention.

The instant motion (ECF 24), filed February 7, 2013, indicates that, with respect to

approval of the government's "proposed declination," the required "review process i[s] underway, but not yet complete." Although counsel for the Relator does not object to yet another extension, I simply cannot grant any further extensions.

In my view, the government has not provided good cause to extend. What the Court said in *United States of America, ex rel. Robert Costa v. Baker & Taylor, Inc.*, 955 F. Supp. 1188 (N.D. Cal. 1997), is pertinent here: "Unfortunately, the relative ease of granting, rather than denying, these extensions may too often lead courts to prolong unnecessarily the period of the seal." *Id.* at 1192. The Court also observed: "The legislative history of the False Claims Amendments Act makes abundantly clear that Congress did not intend that the government should be allowed to prolong the period in which the file is sealed indefinitely." *Id.* at 1190.

*Holder*, 673 F. 3d 245, a recent Fourth Circuit case addressing the seal provisions of the False Claims Act, is informative. In *Holder*, the appellants challenged the 60-day mandatory seal provision under 31 U.S.C. § 3730(b)(2), claiming it "facially violate[d] the First Amendment and the Constitution's separation of powers." *Holder*, 673 F.3d at 251. In particular, they claimed that the seal provision violated the public's First Amendment right of access to judicial proceedings. *Id.*[2]

The Fourth Circuit assumed, without deciding, that the First Amendment right of access extends to a *qui tam* complaint sealed in accordance with 31 U.S.C. § 3730. *Id.* at 252. But, it recognized that the United States "has a compelling interest in protecting the integrity of ongoing fraud investigations." *Id.* at 253. And, it determined that the seal provisions are "narrowly tailored" to serve that compelling Government interest. *Id.* at 253-54.

---

[2] The *Holder* Court determined that the appellants had abandoned an argument that the common law provides a right of access to judicial records, and therefore the *Holder* Court did not consider that contention. *Holder*, 673 F.3d at 252 n.5.

3

In his dissent, Judge Gregory was of the view that the government failed to "justify its First Amendment infringement with compelling interest and narrow tailoring." *Id.* at 258. He reasoned that the 60-day seal "violates the fundamentally 'public character of the trial' as well as our tenet 'that historically both civil and criminal trials have been presumptively open.'" *Id.* at 260 (citation omitted). Judge Gregory stated: "Transparency allows the public to monitor the progress of FCA enforcement since the '[p]ublicity of [court] records . . . is necessary in the long run so that the public can judge the product of the courts in a given case.'" *Id.* at 261 (citation omitted).

In response to Judge Gregory's concerns, the panel majority in *Holder* observed that no *qui tam* case is sealed indefinitely, stating: "*[I]n every FCA case, the qui tam complaint will be unsealed.* Thus, in every FCA case, the people will be able to see how the Executive and Judiciary have fulfilled their constitutional and statutory roles." *Id.* at 257 (majority) (emphasis added).

As I see it, that time is long overdue in this case. A separate Order follows.

Date: February 8, 2013                                    /s/
                                                          Ellen Lipton Hollander
                                                          United States District Judge

4